Eugene G. Iredale,  SBN:  75292
Julia Yoo, SBN: 231163
LAW OFFICES OF EUGENE G. IREDALE
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone:   (619) 233-1525
Facsimile:   (619) 233-3221
Attorney for Plaintiffs, DANIEL HERNANDEZ, a minor, DANIELA HERNANDEZ, a minor,
FABIAN HERNANDEZ, a minor, by and through their guardian *ad litem*, MARIA PUGA
MORAN, YEIMI HERNANDEZ, an individual, and  DAISY HERNANDEZ, an individual

Guadalupe Valencia, (SBN: 197831)
105 West F Street, Suite 309
San Diego, CA 92101-6036
Telephone:   (619) 232-2588
Facsimile:   (619) 232-2158
Attorney for Plaintiff, ESTATE OF ANASTACIO HERNANDEZ-ROJAS, by its personal
representative, MARIA PUGA MORAN

## UNITED STATES DISTRICT COURT
### IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ANASTACIO HERNANDEZ-ROJAS, by its personal representative MARIA PUGA MORAN, DANIEL HERNANDEZ, a minor, DANIELA HERNANDEZ, a minor, and FABIAN HERNANDEZ, a minor, by and through their guardian ad litem MARIA PUGA MORAN, YEIMI HERNANDEZ, an individual, DAISY HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. **'11 CV 0522 L    NLS**<br><br>(1)  <u>BIVENS</u> ACTION: EXCESSIVE FORCE;<br>(2)  <u>BIVENS</u> ACTION: WRONGFUL DEATH;<br>(3)  <u>BIVENS</u> ACTION:  RIGHT OF ASSOCIATION;<br>(4)  <u>BIVENS</u> ACTION:  FAILURE TO SUPERVISE;<br>(5)  WRONGFUL DEATH CCP 377.60;<br>(6)  ASSAULT AND BATTERY;<br>(7)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>(8)  NEGLIGENCE<br>(9)  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>(10) VIOLATION OF THE UNRUH ACT, CALIFORNIA CIVIL CODE §52.1<br><br>JURY TRIAL IS HEREBY DEMANDED |

COME NOW, the ESTATE OF ANASTACIO HERNANDEZ-ROJAS, through its personal representative, MARIA PUGA MORAN, by its attorney of record, Guadalupe Valencia, DANIEL HERNANDEZ, a minor, and DANIELA HERNANDEZ, a minor, and FABIAN HERNANDEZ, a minor, the minors by and through their guardian *ad litem*, MARIA PUGA MORAN, and DAISY HERNANDEZ, and YEIMI HERNANDEZ, by their attorney of record, Eugene G. Iredale and allege and complain as follows:

## I.

## GENERAL ALLEGATIONS

1.      Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1346(b)(1), et. seq.

2.      This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

3.      Plaintiff's claim under the Federal Tort Claims Act was timely filed on June 15, 2010.  The claim was formally denied in an undated letter that was signed by the director of the National Finance Center.  It was received by the plaintiffs in February of 2011.

4.      Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego, California.

5.      The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.      At all times relevant to this complaint, Plaintiffs were individuals residing in San Diego County, California.

7.      At all times relevant to this complaint, the Department of Homeland Security  was a federal agency of defendant UNITED STATES OF AMERICA and was operating in San Diego County, California.

8.      Plaintiffs are truly ignorant of the true names and capacities of DOES 1 through 50, inclusive, and/or are truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

1    9.    These defendants were agents, servants and employees of each other of the other

2    named defendants and were acting at all times within the full course and scope of their agency and

3    employment, with the full knowledge and consent, either expressed or implied, of their principal

4    and/or employer and each of the other named defendants and each of the defendants had approved

5    or ratified the actions of the other defendants thereby making the currently named defendants

6    herein liable for the acts and/or omissions of their agents, servants and/or employees.

7                                              **II.**

8                                           **FACTS**

9    10.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

10   herein by this reference as if those paragraphs were set forth in full herein.

11   11.    On May 28, 2010, Mr. Hernandez-Rojas was detained at or around a location near

12   the U.S.-Mexico border.

13   12.    Mr. Hernandez-Rojas was held in a U.S. Border Patrol Station, commonly known

14   as Barracks Five.

15   13.    While inside Barracks Five and in the presence of witnesses, a United States

16   official, DOE 1, became angry and pushed Mr. Hernandez-Rojas against a wall, and spread his

17   legs by kicking his ankles apart.

18   14.    DOE 1 repeatedly kicked Mr. Hernandez-Rojas, re-injuring an ankle that had

19   screws surgically placed inside of it.

20   15.    Mr. Hernandez-Rojas explained the injury to DOE 1 including that there were

21   screws in the ankle and begged for DOE 1 to stop kicking his legs. He was weeping in pain.

22   16.    Mr. Hernandez-Rojas repeatedly asked DOE 1 to call for medical treatment.

23   17.     DOE 1 never called for medical assistance.

24   18.    Shortly after these events, DOE 1 and a second government official, DOE 2

25   escorted Mr. Hernandez-Rojas out of the station.

26   19.    They drove him to the San Ysidro Port of Entry.

27   20.    At the Port of Entry, up to twenty to twenty-five federal agents beat Mr.

28   Hernandez-Rojas while he lie helpless on the ground.

     21.    Federal agents were on top of Mr. Hernandez-Rojas' back, stepping on the back of

1   his knees, and punching his ribs.

2       22.    Bystanders screamed for the agents to "stop beating him."

3       23.    At one point, there were approximately twenty to twenty-five agents, taking part in

4   beating, kicking or punching Mr. Hernandez-Rojas.

5       24.    Mr. Hernandez-Rojas screamed for the agents to stop saying, "Please.  Stop.  Do

6   not hurt me" and "Help me" or words to that effect.

7       25.    The beating continued for several minutes.

8       26.    At some point, federal officer, DOE 3 pulled out a Taser and fired it at Mr.

9   Hernandez-Rojas while he lay beaten on the ground.

10      27.    He discharged the Taser several times.

11      28.    Mr. Hernandez-Rojas stopped screaming after being Tased.

12      29.    Paramedics arrived on scene.  By the time of their arrival Mr. Hernandez had not

13   been breathing for at least 8 minutes.

14      30.    Mr. Hernandez-Rojas was transported to Sharp Chula Vista and pronounced brain

15   dead.

16      31.    The San Diego County Office of the Medical Examiner determined that the cause

17   of death was anoxic encephalopathy, caused by physical altercation with law enforcement. The

18   Medical Examiner concluded the manner of death to be a homicide.

19      32.    The decedent, Anastacio Hernandez Rojas, was born on May 2, 1968, in San Luis

20   Potosi, Mexico.  Anastacio had been a San Diego County resident for over 20 years, where he

21   lived with his partner Maria and their five children.

22      33.    Anastacio had worked mostly in construction,  building, remodeling, maintaining

23   and demolishing pools.

24      34.    His daughter Yeimi Judith Hernandez was born on March 20, 1990, in San Diego,

25   California.  She is Anastacio Hernandez Rojas and Maria Puga's oldest child.

26      35.    Anastacio and Maria had Daisy Judith Hernandez on April 16, 1992, in San Diego.

27      36.    Anastacio and Maria had  Fabian Anastacio Hernandez on September 19, 1998, in

28   San Diego.  Fabian completed his elementary education at Encanto Elementary School, and

1  currently attends 7th grade at Pershing Middle School, in San Diego.

2      37.    The twins, Daniel and Daniela, were born on March 29, 2006.  They currently

3  attend preschool at Encanto Elementary School.

4      38.    Mr. Hernandez-Rojas' five children,, Daniel Hernandez, Daniela Hernandez,

5  Fabian Anastacio Hernandez, Yeimi Judith Hernandez, and Daisy Alejandra Hernandez bring

6  these causes of action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the

7  Federal Tort Claims Act, and California state law.  Only the children and not the Estate, are the

8  plaintiffs in the cause of action for the violation of their right of association.

9      39.    The Estate of Anastacio Hernandez-Rojas brings these causes of action for the pain

10  and suffering Anastacio experienced before he was killed.

11

12                              **FIRST CAUSE OF ACTION**
                                 **(Excessive Force: *Bivens* Action)**
13                            **[By All Plaintiffs Against all Defendants]**

14      40.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

15  herein by this reference as if those paragraphs were set forth in full herein.

16      41.    This cause of action is based upon *Bivens v. Six Unknown Federal Narotic Agents*

17  403 U.S. 388 (1971).

18      42.    Defendants deprived Mr. Hernandez-Rojas of his Fourth Amendment right to be

19  free of excessive force.

20      43.    Defendants, and each of them, used excessive force in restraining and arresting

21  decedent. Defendants' application of force was a joint venture.

22      44.    When Defendants saw Mr. Hernandez-Rojas unconscious and non-responsive, they

23  failed to render aid.

24      45.    The actions of the named defendants, individually and collectively, caused the

25  death of Mr. Hernandez-Rojas.

26      46.    Each of the defendants perceived the brutal treatment of decedent, and had an

27  obligation to intervene to save his life.  None did.

28      47.    The conduct alleged herein caused Mr. Hernandez-Rojas to be deprived of his civil

1 │ rights that are protected under the United States Constitution which has also legally, proximately,

2 │ foreseeably and actually caused Mr. Hernandez-Rojas to suffer emotional distress, pain and

3 │ suffering, death and further damages according to proof at the time of trial.

4 │     48.    The conduct alleged herein was done in deliberate or reckless disregard of

5 │ decedent's and plaintiffs' constitutionally protected rights; justifying the award of exemplary

6 │ damages against defendants in an amount according to proof at the time of trial in order to deter

7 │ the defendants from engaging in similar conduct and to make an example by way of monetary

8 │ punishment.  Plaintiffs are also entitled to attorney fees and costs of suit herein.

9 │

10 │ **SECOND CAUSE OF ACTION**
**(Wrongful Death: *Bivens* Action)**

11 │ **[By All Plaintiffs Against all Defendants]**

12 │

13 │     49.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

14 │ herein by this reference as if those paragraphs were set forth in full herein.

15 │     50.    Defendants and DOES 1-25, inclusive, acting under color of federal law,

16 │ committed wrongful acts which proximately caused the death of Anastacio Hernandez-Rojas.

17 │ Specifically, the defendants and DOES 1-25, inclusive, deprived Anastacio Hernandez-Rojas of

18 │ his rights under the United States Constitution to be free from the use of excessive force by law

19 │ enforcement and punishment without due process.

20 │     51.    These acts resulted in the death of Anastacio Hernandez-Rojas.

21 │     52.    By these acts, the defendants violated Anastacio Hernandez-Rojas' constitutional

22 │ rights to be free from excessive force, punishment without due process of law, cruel and unusual

23 │ punishment, and all rights guaranteed under the Fourth and Fourteenth Amendments.

24 │     53.    The officers used excessive force as alleged above against Anastacio Hernandez-

25 │ Rojas.  The force used was unreasonable and performed with a deliberate indifference to the

26 │ safety and welfare of Anastacio Hernandez-Rojas.

27 │     54.    The deprivation of the rights alleged above has violated the Constitutional rights of

28 │ Anastacio's five children, Daisy,  Yeimi, Fabian, Daniel, and Daniela to the familial love, society

1  and companionship of their father, Anastacio Hernandez-Rojas, protected by the substantive due

2  process clause of the Fourteenth Amendment.

3       55.    The conduct alleged herein violated Anastacio Hernandez-Rojas' rights alleged

4  above thereby resulting in a deprivation of Plaintiffs' rights alleged above which has legally,

5  proximately, foreseeably and actually caused Plaintiffs to suffer emotional distress, pain and

6  suffering, and further general and special damages according to proof at the time of trial.

7       56.    The conduct alleged herein was done in deliberate or reckless disregard of

8
9  decedent's and plaintiffs' constitutionally protected rights; justifying the award of exemplary

10  damages against defendants in an amount according to proof at the time of trial in order to deter

11  the defendants from engaging in similar conduct and to make an example by way of monetary

12  punishment.  Plaintiffs are also entitled to attorney fees and costs of suit herein.

13

14
**THIRD CAUSE OF ACTION**
15
**(Right of Association: *Bivens* Action)**
**[By DAISY HERNANDEZ, YEIMI HERNANDEZ, FABIAN HERNANDEZ, DANIEL**
16
**HERNANDEZ, and DANIELA HERNANDEZ against all defendants]**

17

18       57.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

19  herein by this reference as if those paragraphs were set forth in full herein.

20       58.    Defendants and DOES 1-25, inclusive, acting under color of state law, deprived

21
Anastacio Hernandez-Rojas of his rights under the United States Constitution to be free from the
22
23  use of excessive force by law enforcement and punishment without due process.

24       59.    By these acts, the defendants violated Anastacio Hernandez-Rojas' constitutional

25  rights to be free from excessive force, punishment without due process of law, cruel and unusual

26  punishment, and all rights guaranteed under the Fourth and Fourteenth Amendments.  The

27  improper and unjustified use of deadly force used was unreasonable and excessive and performed

28  with a deliberate indifference to the safety and welfare of Anastacio Hernandez-Rojas.

60.     The deprivation of the rights alleged above has violated the Constitutional rights of Anastacio's five children, Daisy,  Yeimi, Fabian, Daniel, and Daniela to the familial love, society and companionship of their father, Anastacio Hernandez-Rojas, protected by the First and Fifth Amendments.

61.     The conduct alleged herein violated Anastacio Hernandez-Rojas' associational rights alleged above thereby resulting in a deprivation of Plaintiffs' rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

62.     The conduct alleged herein was done in deliberate or reckless disregard of decedent's and plaintiffs' constitutionally protected rights; justifying the award of exemplary damages against defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar conduct and to make an example by way of monetary punishment.  Plaintiffs are also entitled to attorney fees and costs of suit herein.

### FOURTH CAUSE OF ACTION
**(Failure to Properly Supervise: *Bivens* Action)**
**[By All Plaintiffs Against Doe Defendants 30-40]**

63.     Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

64.     Supervising officers had a duty to Plaintiffs to properly supervise employee officers that hold the power, authority, insignia, equipment and arms entrusted to them.

65.     These supervising Doe Defendants failed to properly supervise their employees.

66.     The supervisors were deliberately indifferent to the excessive force used by their subordinates, and failed to prevent the infliction of fatal injuries.

67.     As a result of the Defendants' failure to properly supervise, decedent suffered pain, suffering and ultimately, death.

68.     The conduct alleged herein was done in deliberate or reckless disregard of decedent's and plaintiffs' constitutionally protected rights; justifying the award of exemplary

1   damages against defendants in an amount according to proof at the time of trial in order to deter

2   the defendants from engaging in similar conduct and to make an example by way of monetary

3   punishment.  Plaintiffs are also entitled to attorney fees and costs of suit herein.

4

5                               **FIFTH CAUSE OF ACTION**
                               **(Wrongful Death: CCP 377.60)**
6                           **[By All Plaintiffs Against Defendants]**

7        69.      Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

8   herein by this reference as if those paragraphs were set forth in full herein.

9        70.      Anastacio Hernandez-Rojas' death was caused, in whole or part, by the conduct of

10  the defendants.

11       71.      Defendants were negligent or deliberately indifferent in causing Anastacio

12  Hernandez-Rojas' death.

13       72.      Anastacio Hernandez-Rojas is survived by his children, Daisy Hernandez, Yeimi

14  Judith Hernandez, Fabian Hernandez,  a minor, Daniel Hernandez, a minor, and Daniela

15  Hernandez, a minor.

16       73.      Monetary damages have resulted from Anastacio Hernandez-Rojas' death

17  including but not limited to loss of support, services, lost prospect of inheritance, medical and

18  funeral expenses and interest from the date of Anastacio Hernandez-Rojas' death.

19

20                              **SIXTH CAUSE OF ACTION**
                                  **(Assault and Battery)**
21      **[By the Estate of Anastacio Hernandez Rojas Against All Defendants]**

22       74.      Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

23  herein by this reference as if those paragraphs were set forth in full herein.

24       75.      The Defendants, and each of them, acted with an intent to cause harmful or

25  offensive contact with the person of Anastacio Hernandez-Rojas and the intended harmful or

26  offensive contact did in fact occur.

27       76.      The harmful or offensive contact was not privileged nor consented to and was

28  excessive, unreasonable and done with deliberate indifference to the rights and safety of

1  Anastacio Hernandez-Rojas and was done with the intent to inflict punishment, above and beyond
2  the reason for using the force in the first place.

3       77.    As a result of the Defendants' intent to cause harmful or offensive contact with
4  the person of Anastacio Hernandez-Rojas and the fact that the intended harmful or offensive
5  contact did in fact occur, Anastacio Hernandez-Rojas has suffered damages according to proof at
6  the time of trial.  Said damages are currently in excess of the jurisdictional minimum of this court
7  and include general and special damages according to proof at the time of trial.

8       78.    The conduct of Defendants also amounts to oppression, fraud or malice under
9  federal law and punitive damages should be assessed against each defendant for the purpose of
10 punishment and for the sake of example.

11
12                      **SEVENTH CAUSE OF ACTION**
                      **( Intentional Infliction of Emotional Distress)**
                **[By the Estate of Anastacio Hernandez Rojas Against All Defendants]**
13

14      79.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same
15 herein by this reference as if those paragraphs were set forth in full herein.

16      80.    By engaging in the acts alleged herein, the defendants engaged in outrageous
17 conduct with an intent to or a reckless disregard of the probability of causing Anastacio
18 Hernandez Rojas to suffer emotional distress.

19      81.    As a direct, proximate and foreseeable result, Anastacio Hernandez Rojas suffered
20 severe emotional distress and the outrageous conduct was the cause of the emotional distress
21 suffered by Plaintiffs.

22      82.    The conduct of defendants also amounts to oppression, fraud or malice under
23 federal law and punitive damages should be assessed against each defendant for the purpose of
24 punishment and for the sake of example.

25
26                      **EIGHTH CAUSE OF ACTION**
                              **(Negligence)**
27                **[By All Plaintiffs Against All Defendants]**

28      83.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

1  herein by this reference as if those paragraphs were set forth in full herein.

2      84.      Defendants had a duty to Plaintiffs to act with ordinary care and prudence so as

3  not to cause harm or injury to another.

4      85.      By engaging in the acts alleged herein, the Defendants failed to act with ordinary

5  care and breached their duty of care owed to Anastacio Hernandez-Rojas.

6      86.      As a direct, proximate and foreseeable result of the Defendants breach of their duty

7  of care, Plaintiffs suffered damages in an amount according to proof at the time of trial.

8

9                              **NINTH CAUSE OF ACTION**
                          **(Negligent Infliction of Emotional Distress)**
10                          **[By All Plaintiffs Against All Defendants]**

11      87.      Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

12  herein by this reference as if those paragraphs were set forth in full herein.

13      88.      By engaging in the acts alleged herein, the Defendants engaged in negligent

14  conduct causing Plaintiffs to suffer serious emotional distress.

15      89.      As a direct, proximate and foreseeable result, Plaintiffs  suffered serious emotional

16  distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiffs

17

18                              **TENTH CAUSE OF ACTION**
                    **(Violation of the Unruh Act, California Civil Code 52.1)**
19                          **[By All Plaintiffs Against All Defendants]**

20

21      90.      Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

22  herein by this reference as if those paragraphs were set forth in full herein.

23      91.      Plaintiff has a firmly established right to be free from excessive force under the

24  Fourth Amendment to the United States Constitution, and to be free from retaliation for

25  expression of disapproval of police action under the First Amendment.  He has these same rights

26  under the State Constitution of California.

27      92.      The California Legislature has declared that it violates the state civil rights act for

28  any person to interfere with the exercise or enjoyment by any individual of his rights secured by

1  the United States Constitution or state or federal law. This includes any interference of these
2  rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

3      93.    The defendants interfered with Plaintiff's right to be free from excessive force
4  under the Fourth Amendment by the beating alleged above.

5      94.    This interference with Plaintiff's rights was perpetrated by the defendants in
6  violation of section 52.1 and his rights under the First, Fourth and Fifth Amendments to be free
7  from excessive force under the Fourth Amendment to the United States Constitution, and under
8  the corresponding provisions of the California State Constitution.

9      95.    Due to the violation of Plaintiff's rights by all defendants, Plaintiff suffered
10  economic damages and non-economic damages, including, but not limited to, emotional distress,
11  pain and suffering, medical expenses and fear caused by the acts complained of herein according
12  to proof at the time of trial.

13      96.    Plaintiffs are also entitled to the statutory civil penalties set forth in Civil Code §
14  52.1, attorneys' fees and costs of suit incurred herein.

15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs pray as follows:

1.  For general and special damages according to proof at the time of trial;

2.  For costs of suit and interest incurred herein;

3.  For punitive damages;

4.  Attorneys' fees; and

5.  Any further injunctive or declaratory relief this court deems just and proper, including an injunction requiring the institution of appropriate supervision and prohibition of the unjustified use of force because of the arrestees' expression of complaints.

DATED: March 16, 2011                    Respectfully submitted,

                              **LAW OFFICES OF EUGENE G. IREDALE**


                              EUGENE G. IREDALE
                              105 West F St., Fourth Floor
                              San Diego, CA 92101
                              (619) 233-1525
                              Attorney for Plaintiffs
                              DANIEL HERNANDEZ, a minor, DANIELA
                              HERNANDEZ, a minor,
                              FABIAN HERNANDEZ, a minor, by and through
                              their guardian *ad litem*, MARIA PUGA MORAN,
                              YEIMI HERNANDEZ, and  DAISY HERNANDEZ

                              **LAW OFFICES OF GUADALUPE VALENCIA**


                              GUADALUPE VALENCIA
                              105 West F St., Third Floor
                              San Diego, CA 92101
                              (619) 232-2158
                              Attorney for Plaintiff
                              ESTATE OF ANASTACIO HERNANDEZ-ROJAS,
                              by and through its personal representative Maria
                              Puga Moran

13

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

The Estate of Anastacio Hernandez-Rojas, et al.

**DEFENDANTS**

United States of America, et al.

**(b)** County of Residence of First Listed Plaintiff   **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Eugene G. Iredale, 105 West F St., Fourth Floor, San Diego, CA 92101, 619.233.1525

Attorneys (If Known)

'11 CV 0522 L        NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☒ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Tort Claims Act and Bivens

Brief description of cause:
For wrongful death

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE                          DOCKET NUMBER

DATE
03/16/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____