1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANASTACIO HERNANDEZ-ROJAS, et al., | ) ) ) Case No. 11cv522-L(DHB) |
| Plaintiffs, | ) ) **ORDER REGARDING** **PROTECTIVE ORDER** |
| v. | ) ) |
| CUSTOMS AND BORDER PROTECTION AGENT 7633, et al., | ) ) ) |
| Defendants. | ) ) ) |

On August 29, 2013, the Court ordered Plaintiffs and Defendant V325 to submit formal briefing regarding the Protective Order entered on January 30, 2012 and the continued application of the star numbering system to Defendant V325. On September 3, 2013, Defendant V325 filed his brief. (ECF No. 255.) On September 4, 2013, the Court granted Defendant V325's motion to file the Declaration of Casey M. Rocha and accompanying exhibits in support of his brief under seal. (ECF No. 257.) Plaintiffs filed a Response on September 5, 2013. (ECF No. 259.) The Court has reviewed the parties' submissions and controlling law, and for the reasons discussed below, finds that the requirement that the parties use the star numbering system for Defendant 325 shall no longer apply.

/ / /

Generally, the use of fictitious names in litigation is not permitted. *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-69 (9th Cir. 2000); Fed.R.Civ.P. 10(a). The presumption is that parties must use their real names. *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010).  This presumption is related to the public's common law right of access to judicial proceedings. *Advanced Textile*, 214 F.3d at 1067.  The Ninth Circuit has cautioned that in this circuit, "the common law rights of access to the courts and judicial records are not taken lightly." *Kamehameha Schools*, 596 F.3d at 1042. Nevertheless, parties are allowed to proceed anonymously when special circumstances justify secrecy. *Advanced Textile*, 214 F.3d at 1067-68. *See also United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) ("We recognize that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity."). Use of pseudonyms is proper "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068.  A district court must balance the following five factors when determining whether to allow a party to proceed anonymously: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party; and (5) the public interest." *Kamehameha Schools*, 596 F.3d at 1042.

Here, Defendant V325 argues continued use of the star numbering system is necessary to protect him from injury, harassment, and retaliation.  Plaintiffs counter that Defendant V325's claims of threats of harm are vague and speculative, and that he has failed to make an adequate showing that he should be permitted to remain anonymous.

First, as to the severity of threatened harm, the reasonableness of Defendant V325's fears, and his vulnerability to such harm, Defendant V325 has submitted the sworn Declaration of Casey M. Rocha under seal that purports to addresses the specific harm Defendant V325 would face if his true name were to be used in this litigation.  The declaration reiterates the circumstances that justified the use of the star numbering system at the inception of this case, and states very generally, that Defendant V325 may suffer harm

if his name is revealed because of the nature of his work.  With respect to the circumstances that initially justified the use of the star numbering system, the Court finds Defendant V325 is in no different position than the other Defendants in this case whose true names have already been revealed.  Therefore, those factors do not warrant continued anonymity.  With regard to potential harm related to Defendant V325's employment, the Court certainly understands his concerns.  However, based upon the evidentiary record before the Court, the Court cannot find that Defendant V325 has shown both a fear of severe harm, and that the fear of severe harm is reasonable.  *See Kamehameha Schools*, 596 F.3d at 1043 (stating the two most important factors are severity of the threatened harm and the reasonableness of the party's fears).  Accordingly, the Court finds the first three factors weigh against permitting Defendant V325 to remain anonymous.

Next, the Court finds the prejudice to Plaintiffs is relatively minimal.  When all twelve Defendants were proceeding anonymously, Plaintiffs expressed a concern that the use of the star numbering system would cause confusion in the pleadings and prevent Plaintiffs from providing a clear narrative of events.  (*See* ECF No. 207 at 18.)  At this point, however, only one defendant seeks to remain anonymous.  The Court does not find that permitting one of the twelve defendants to be identified by reference to a numerical identifier would be any more confusing than if he were to proceed under this true name.  Plaintiffs have not articulated any other prejudice they would suffer.  Therefore, the fourth factor weighs in favor of permitting anonymity.

Finally, with respect to the public interest, the Court recognizes that the public has an interest in this litigation, and that it has gained significant media attention.  On the other hand, the Court notes that publishing Defendant V325's true name could potentially disrupt the government investigations he is involved in, thereby harming the public interest in the U.S. Border Patrol carrying out its objectives.  The Court finds the public interest in access to judicial proceedings weighs slightly, but not overwhelmingly, in favor of requiring Defendant V325 to proceed under his real name.

On balance, the Court finds that the circumstances do not justify continued secrecy

regarding Defendant V325's true name.   Therefore, IT IS HEREBY ORDERED the requirement that the parties use the star numbering system for Defendant V325 shall no longer apply.

**IT IS SO ORDERED.**

DATED:  September 9, 2013

DAVID H. BARTICK
United States Magistrate Judge