UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ANASTACIO HERNANDEZ-ROJAS, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　Defendants. | Case No. 11-cv-0522-L(DHB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [doc. #306]** |

**I.　BACKGROUND**

On May 28, 2010, Mr. Hernandez-Rojas was arrested along with his brother Pedro in the mountainous area near Otay Mesa. (TAC ¶¶ 43-44.) After Mr. Hernandez-Rojas was transported to a border patrol station, Plaintiffs allege that he suffered physical abuse and was refused medical care for his injuries. (TAC ¶¶ 64-83.) Plaintiffs allege that Mr. Hernandez-Rojas was refused access to an immigration judge and that he was brought to the border to be deported despite having refused to sign a voluntary departure form. (*Id.*; TAC ¶¶ 132.) At the border, Plaintiffs allege that federal agents physically attacked Mr. Hernandez-Rojas by punching him, kicking him, hitting him with batons, tying his legs to his arms, and repeatedly electrocuting him

with a "Taser" device. (TAC ¶¶ 88-117.) Mr. Hernandez-Rojas died that night, allegedly as a result of Defendant agents' actions. (TAC ¶ 116-17.)

Plaintiffs brought this action on March 16, 2011. [doc. #1.] Plaintiffs allege in their Third Amended Complaint ("TAC"), filed on March 13, 2012, that their father, Anastacio Hernandez-Rojas, died as a result of physical abuse by Defendant officers through their capacities as agents of Defendant United States of America. (TAC ¶ 28).

Defendant United States of America now moves for reconsideration of the Court's order denying Defendant's motion to dismiss Plaintiffs' eighth cause of action. (docs. #279; #306.)

## II.    LEGAL STANDARD FOR MOTION FOR RECONSIDERATION

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). See *Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted). Further, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08–CV–2342–L, 2009 WL 2058549, at *2 (S.D.Cal. July 15, 2009).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044

(9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir.2007).

However, the relief available under Federal Rule of Civil Procedure 60(a) differs from the aforementioned rules. Rule 60(a) states, in pertinent part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed.R.Civ.P. 60(a). Though "[s]ubstantive changes of mind by a court cannot be effected through Rule 60(a) ... [a] court's failure to memorialize part of its decision ... is a clerical error." *Buchanan v. United States*, 755 F.Supp. 319, 324 (D.Or. 1990); *see also Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987). "Rule 60(a) can be used to conform a judgment to a prior ruling." *Buchanan*, 755 F.Supp. at 324.

**III.    DISCUSSION**

    **A.    The Legal Standard of Federal Rule of Civil Procedure 59(e) Applies to Defendant's Motion.**

Defendant moves for reconsideration without reference to Federal Rules 59 or 60, instead citing Local Civil Rule 7.1(i). (doc. #306, p. 2.) In reply, Defendant explains that it brought its motion solely under the aforementioned local rule and not under Federal Rules 59 or 60. (doc. #310, p. 2.) Civil Local Rule 7.1(i) allows parties to file motions for reconsideration. Under that local rule, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." Civ. L.R. 7.1(i)(1). A party must show "what new or different facts and

circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* A timely-filed motion for reconsideration under a local rule is considered a motion under Federal Rule of Civil Procedure 59(e). *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995).

### B.  Defendant Has Not Demonstrated Circumstances that Would Justify Reconsideration.

Plaintiffs argue in opposition that "Defendant . . . fails to sustain its burden to show the existence of newly discovered evidence, clear error by this Court, or an intervening change in controlling law." (doc. #309, p. 3.) In reply, Defendant contends that it "brought to the Court's attention additional case law which, with respect, establishes that the Court erred as a matter of law . . . ." (doc. #310, p. 3) Defendant further argues that challenges to subject matter jurisdiction may be brought at any time, implying that the instant motion may not need to meet the legal standard for a motion for reconsideration. (doc. #310, p. 3-4.)

Defendant presents no newly discovered evidence or citations to indicate that a change in the law has taken place since the original order. Therefore, absent highly unusual circumstances not present here, the Court will not grant the motion absent a showing that it committed clear error in its previous error. *See Kona Enters., Inc.*, 229 F.3d at 890. For the reasons that follow, Defendant does not demonstrate clear error, but instead uses its motion to relitigate the issue of whether the sovereign immunity waiver of the Federal Tort Claims Act (FTCA) extends to cover the *jus cogens* norm prohibiting torture in California. *See* 28 U.S.C. § 1346(b).

Defendant contends that the source of the *jus cogens* norm in prohibition of torture is international law, and that because the FTCA's sovereign immunity waiver does not extend to violations of international law, it is immune from suit for torture. (*See, e.g.*, doc. #306, p. 4.) It analogizes to courts that have declined to extend the FTCA's sovereign immunity waiver to violations of federal law, treaties, and customary international law. (*See id.* at 4-5.) Defendant misinterprets the nature of the *jus cogens* norm prohibiting torture.

As the Court reasoned in its original order, customary international law differs from *jus cogens* in that the latter does not derive its binding force from the consent of nations. *See*

*Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 715 (9th Cir. 1992). A *jus cogens* norm stems from values held to be fundamental and universal, violations of which are "acts that the laws of all civilized nations define as criminal." *Id.* (citing Note, *The Nuremberg Legacy: An Unfulfilled Promise*, 63 S. CAL. L. REV. 833, 868 (1990)). Norms of such a character define the basic rights of the human person. *Id.* They are the concern of all states, and they bind even those nations that consistently object to them. *Id.* They may not be modified, except by subsequent norms of the same character. *See id.* at 715-16.

Because such norms derive their binding force from the universal and fundamental rights of the human person and not from the actions of any government, they are binding in every state in the union irrespective of the actions of the United States or of the several states. *See id.* In this way, *jus cogens* norms are unlike federal statutes or decision rules, treaties, or customary international law. *See id.* To put it simply, torture contravenes fundamental rights of the human person. Its illegality does not hinge on any statute or decisional law enacted by a government. *See id.*

The FTCA waives the sovereign immunity of the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b). For the foregoing reasons, torture is against the law in California. In California, "[f]or every wrong there is a remedy." CAL. CIV. CODE § 3523. Therefore, a private person would have a remedy for torture in California, and the United States government has effected a sovereign immunity waiver for torture suits through the FTCA.[1] *See id.*; 28 U.S.C. § 1346(b).

As such, Defendant has failed to demonstrate that the Court committed clear error in its previous order. Thus, Defendant's motion for reconsideration will be denied. *See Kona Enters.,*

---

[1] Plaintiffs' eighth cause of action is hardly a paragon of clarity. (doc. #53, ¶¶ 184-194.) Yet Defendant has never moved to dismiss it on the ground that it does not meet the pleading standard. *See* FED. R. CIV. P. 8(a). (*See* doc. #148, pp. 5-7.) Thus, upon reconsideration the Court interprets Plaintiffs' eighth cause of action in the same way that Defendant does in the instant motion, as alleging a violation of the *jus cogens* norm against torture. (*See* doc. #306, p. 2.) Because Defendant does not raise it here and did not raise it in its previous motion, the Court does not address the question of pleading sufficiency on reconsideration.

*Inc.*, 229 F.3d at 890.

## IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendant's motion for reconsideration. (doc. #306.)

**IT IS SO ORDERED.**

DATED: July 24, 2014

M. James Lorenz
United States District Court Judge

COPY TO:

HON. DAVID H. BARTICK
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL