UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ANASTACIO HERNANDEZ-ROJAS, by its personal representative DAISY HERNANDEZ, et al.,,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,,<br><br>Defendant. | Case No.:  11cv522 L (DHB)<br><br>**ORDER DENYING MOTION TO FIND APPEAL FRIVOLOUS [ECF No. 334] and DENYING AS MOOT MOTION TO STAY [ECF No. 362]** |

On September 29, 2014, the Court denied all of the individual defendants' motions for summary judgment based largely on the issue of qualified immunity. [ECF No. 325] Thereafter, the individual defendants filed a joint Notice of Appeal to the Ninth Circuit Court of Appeals. [ECF No. 328] Plaintiffs now move for certification that the interlocutory appeal is frivolous so that the Court may retain jurisdiction and proceed to trial.

**A.   Background**

On May 28, 2010, United States Border Patrol agents arrested Anastacio Hernandez Rojas ("Anastacio") and his brother on United States land near the Mexican

border. Plaintiffs, the Estate of Anastacio Hernandez-Roja that is for the benefit of the Anastacio's children, allege that their father, a 42-year old Mexican national, was subjected to physical abuse, including the use of a Taser, by defendants that resulted in his heart attack and death.

On March 23, 2012, Plaintiffs filed the operative third amended complaint ("TAC") asserting fourteen causes of action: five of the causes of action are alleged constitutional violations under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the remaining nine are brought under the Federal Tort Claims Act and the Alien Tort Claims Act. Plaintiffs named the United States and 12 individuals as defendants.

After reviewing the individual defendants' motions for summary judgment, the Court denied all defendants' motions concerning plaintiffs' First Amendment Retaliation claim; denied Ducoing's, Krasielwicz's, Piligrino's, Narainesingh's, Llewellyn's, Vales', Boutwell's, and Sauer's motions concerning plaintiffs' Fourth Amendment Excessive Force claim; denied Ducoing's, Krasielwicz's, Piligrino's, Narainesingh's, Llewellyn's, Vales', Boutwell's, Sauer's and the Supervisory defendants, Avila's, Caliri's, and DeJesus' motions concerning plaintiffs' Right of Association claim; and denied the Supervisory defendants' motions concerning plaintiffs' claim of failure to supervise and to intervene.

**B.      Legal Standard**

A pretrial appeal of an order denying summary judgment is generally not appealable. *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009). However, there is a narrow exception for the denial of a summary judgment motion based on qualified immunity. *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). "When evaluating a denial of summary judgment on the issue of qualified immunity, [appellate] review is limited to the "purely legal issue whether the facts alleged ... support a claim of clearly established law." *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quoting *Moran v. Washington,* 147 F.3d 839, 843 (9th Cir. 1998) (internal quotations omitted). Appellate

review is not permitted with respect to district court's denial of summary judgment "insofar as that order determines whether or not the pre-trial record sets forth a 'genuine' issue of fact for trial." *Moran*, 147 F.3d at 843 (quoting *Johnson v. Jones,* 515 U.S. 304, 319–20 (1995)). Thus, the appellate court "lacks jurisdiction over an interlocutory appeal challenging the sufficiency of the evidence supporting the trial court's conclusion that an issue of fact exists." *Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir. 2001) (citing *Johnson,* 515 U.S. at 313). However, "summary judgment determinations are appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity ... typically, the issue whether the federal right allegedly infringed was 'clearly established.'" *Behrens v. Pelletier*, 516 U.S. 299, 312–13 (1996); *see also Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir.1997) ("[W]e have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, while we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts."). "The officials must present the appellate court with a legal issue that does not require the court to "consider the correctness of the plaintiff's version of the facts...." *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 528 (1985)).

The appellate court resolves all factual disputes in favor of the plaintiff and looks at the purely legal question of whether the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights. *Bingham v. City of Manhattan Beach*, 329 F.3d 723, 725 (9th Cir. 2003) (noting when facts are disputed, the court must assume the non-moving party's facts are correct); *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (exercising jurisdiction over the defendant's interlocutory appeal by crediting all of the plaintiff's facts, leaving only the legal issue to decide); *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000) (noting that "we assume the version of the material facts asserted by the non-moving party to be correct" when determining whether the alleged conduct violates

clearly established law); *Knox*, 124 F.3d 1103, 1107 (9th Cir. 1997) (exercising jurisdiction even though the district court found disputed issues of material fact).

As noted above, plaintiffs seek to have the interlocutory appeal certified as frivolous under *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). In *Chuman,* the Ninth Circuit recognized the exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters. This exception applies in cases in which the district court certifies in writing that the defendant's interlocutory appeal is "frivolous" or has been "waived." *Chuman*, 960 F.2d at 105. "'An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit.' " *In re George*, 322 F.3d 586, 591 (9th Cir. 2002) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir.1990)). An appeal that is wholly without merit is one that is "'so baseless that it does not invoke appellate jurisdiction,' such as when 'the disposition is so plainly correct that nothing can be said on the other side.'" *Schering Corp. v. First DataBank Inc.*, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). In the absence of such written certification, the district court is automatically divested of jurisdiction to proceed with trial. *Chuman*, 960 F.2d at 105.

Each of the defendants have submitted oppositions to plaintiffs' motion. Plaintiffs filed a consolidated reply memorandum.

**C.    Discussion**

Plaintiffs contend that the appeal is frivolous because defendants are contesting the Court's conclusion that factual issues exist rather than appealing purely legal issues. As noted above, sufficiency of the evidence to show a genuine issue of fact is not appealable. Thus, defendants must show there are no violations of plaintiffs' constitution rights or the rights were not clearly established in order to maintain an interlocutory appeal based on denial of qualified immunity.

The doctrine of qualified immunity shields government officials from civil liability so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have been aware under the circumstances. *See Pearson v.*

*Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity balances the need to hold public officials accountable for irresponsible exercises of power and the need to shield officials from harassment, distraction, and liability for reasonable performance of their duties. *See id.* Qualified immunity analysis is a two-step process: courts must determine whether a plaintiff alleges a constitutional violation, and whether the right at issue was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Which of the two steps should be addressed first rests in the sound discretion of the court. *Pearson*, 555 U.S. at 236.

### 1.     Consideration of the Officers' Actions Collectively

Defendants first contend that the Court did not make individualized assessments of the defendants' actions but instead dealt with their actions collectively. Plaintiffs' constitutional claims arise under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *see Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens.").

"Liability under [*Bivens*] arises only upon a showing of personal participation by the defendant"). *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A person deprives another "of a constitutional right, within the meaning of [*Bivens*], if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Liability on a supervising officer can be imposed even if he or she did not directly participate" in the constitutional violation when his or her "own culpable action or inaction in the training, supervision, or control" of subordinates. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

The Court disagrees that individual behavior was not considered in its Order. Each

of the defendant's actions was discussed within each claim and plaintiffs provided evidence of each individual defendant's conduct. That there is some overlap between individuals in discussing the facts is unavoidable. The Court made its determination as to each individual's conduct.

Defendants' arguments that the Court erred in treating them collectively is the type of issue that is not relevant to an appeal of denial of qualified immunity. This is a fact-based inquiry that may not be raised on interlocutory appeal as it is not directed to whether plaintiffs' constitutional rights were violated or whether the right was clearly establish.

### 2. First Amendment Retaliation

In their summary judgment motions, defendants contended that qualified immunity bars plaintiff's First Amended retaliation claim because only the Fourth Amendment governs the use of force during an arrest. In *Graham v. Connor*, 490 U.S. 386 (1988), the Court provided that "all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment . . . ." *Id*. at 395.

The Court however found that plaintiffs' retaliation claim alleged a First Amendment violation relying on *Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) and *Ford v. City of Yakima,* 706 F.3d 1188, 1193 (9th Cir. 2013). Further, the Court found that the right based on retaliation was clearly established.

This is the type of legal issue that is appropriate to be taken on appeal in the area of qualified immunity, *i.e.* it is an "abstract issu[e] of law" relating to qualified immunity. Accordingly, the Court finds that the appeal of plaintiffs' first amendment retaliation claim is appropriately taken at this time.

**Conclusion**

Because at least one issue on appeal is appropriately before the Court of Appeals, the Court finds that defendants' appeal is not frivolous. As an appeal divests the district court of jurisdiction, defendants' motion to stay is redundant: the case is stayed pending a

1 | decision from the appellate court.

2 | Accordingly, **IT IS ORDERED** plaintiffs' motion to find the appeal frivolous is
3 | **DENIED** and defendants' motion to stay is **DENIED** as moot.

4 | **IT IS SO ORDERED**.

5 | Dated:  December 30, 2015

_____
Hon. M. James Lorenz
United States District Judge